In the Matter of the Application for the Appointment of Successor Trustees of the Estate of RANSOM PARKER, Deceased.

FALACIE B. PARKER, Appellant; CLARKE PARKER LATTIN and Others, Respondents.

*Wills — testamentary trusts — appointment of successor trustees — appointment of person whom testator did not want.*

Appeal from a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said court on the 10th day of February, 1921, substituting three trustees under the will of Ransom Parker, deceased, in the place and stead of deceased trustees.

Decree affirmed, with costs to respondents payable out of the estate.    No opinion.    Present — Clarke, P. J., Laughlin, Smith, Page and Merrell, JJ.; Page and Merrell, J., dissenting.

PAGE, J. (dissenting): On August 5, 1897, the testator made a will wherein he nominated, constituted and appointed Ransom J. Parker and Lewis Leland Pierce executors and trustees.    On December 6, 1901, the testator executed a codicil to his will in which, among other things, he provided: " *Eighthly.* I hereby direct that the name ' Ransom J. Parker,' one of the Executors and Trustees named in my said Last Will and Testament in subdivision marked ' Fifthly ' thereof, be stricken out and eliminated from my said Last Will and Testament, and that in place and stead of said name ' Ransom J. Parker ' there be substituted the names ' Mary Elizabeth Parker Place and Priscilla Townsend Parker Starin,' whom I hereby appoint in the place and stead of said Ransom J. Parker, as Executors and Trustees of my said Last Will and Testament    *    *    *.''    The substituted executrices and trustees were daughters of the testator.    The testator died November 25, 1903. The will was admitted to probate and letters testamentary issued to Lewis Leland Pierce, Mary E. P. Place and Priscilla T. P. Starin on April 8, 1904, and they all duly qualified.    Mary E. P. Place died April 17, 1905, Priscilla T. P. Starin died October 30, 1920.    On November 1, 1920, Lewis Leland Pierce, as sole surviving trustee, commenced a proceeding in the Surrogate's Court for a construction of the will.    While that proceeding was pending he died January 10, 1921.    On January 10, 1921, this proceeding was instituted by Clarke Parker Lattin for the appointment of himself, as the owner of the largest vested interest in the remainder of the estate, and another competent person or persons successor trustees.    On the return of the citation application was made by Ransom J. Parker to be appointed one of the successor trustees.    This application was opposed, and the request was made by three

of those cited for the appointment of a trust company as sole trustee. The surrogate thereupon appointed Clarke Parker Lattin, Ransom J. Parker and George J. Gillespie. In my opinion the appointment of Ransom J. Parker should not have been made. The testator had indicated in no uncertain language that he did not want him as a trustee. The testator had made him an executor and trustee, and subsequently by codicil struck his name out and substituted others. On the death of those substituted, in contravention of the expressed will of the testator, he has been appointed. Furthermore we are informed that the proceeding for a construction of the will instituted by Lewis Leland Pierce was for the purpose of determining whether Ransom J. Parker was entitled to all the income of the estate after the death of Priscilla T. P. Starin, which claim was controverted by others of the heirs and next of kin. There is evidently a great lack of harmony and much bitterness of feeling between Ransom J. Parker and others of the *cestuis que trust*. This is a strong reason why he should not have been appointed. The trustee should hold an even hand between the parties interested. It is his duty to look to the interest of all and not of one; and especially one should not be appointed who is asserting claims in hostility to other beneficiaries. No reason appears for the appointment of George J. Gillespie. In my opinion a trust company should have been appointed successor trustee. Merrell, J., concurs.